Mr. Justice Scott delivered the opinion of the Court. We have to determine in this case whether or not the demurrer to the defendant’s special plea was properly overruled. The first objection to the plea was not well taken, because the defendant set up new matter in avoidance of the plaintiff’s case as made in the declaration, and tendering an issue a»; this must be taken as confessing otherwise, as to this plea, the cause of action! The second objection involves a more important inquiry, and seems to be founded in principle upon the common law rule of the necessity of a proceeding in personam and a conviction of the offender before the crown could acquire any title to the goods forfeited, and to urge from this that until such conviction the informer under the statute, (who under its provision substantially succeeds to the title of the crown) could acquire none. This doubtless was the true rule as to many cases of felony, and some other cases where the forfeiture was a part, or was the consequence of the judgment of conviction and did not, strictly-speaking, attach in any sort in rem. But when the forfeiture attached primarily in rem as in cases of seizures and forfeitures created by statute and cognizable in the revenue side of the Exchequer, the rule requiring the conviction of the offender did not apply. In these cases, the thing was considered as primarily the offender or rather the offence was attached primarily to the thing, and a principle applied similar to that which governs proceedings in rem on seizures in the admiralty courts, where, although the proceedings are in form in rem, and the owner of the goods proceeded against is not in the first instance eo nomine a party defendant, yet, before judgment of condemnation an opportunity is afforded him to come in and make himself a party and defend against the proceedings. Although our statute (Dig,, ch. 153, p. 95.1, sec. 52,) is a police regulation designed to augment the personal security of the citizen by creating the forfeiture provided for, and is within the undoubted powers of the legislature, its provisions are neverthless to have effect like those of almost every other statute, in reference to the other laws of the land. It is true that under the provisions of this statute the law does not, in the first place, stop to enquire as to the ownership of' a gun, or other offensive or defensive weapon found in the possession of a slave without the written permission of his master, but at once, by the hands of any citizen, seizes upon any such weapon and authorizes a proceeding against the thing for a judgment of forfeiture to the seizor for his own .use: but from this it does not necessarily follow that the judgment of forfeiture or condemnation provided for shall be rendered before the original owner shall have first had some reasonable opportunity to come in and make himself a party to the proceedings in rem, and contest the judgment of forfeiture. Such owner might not in fact be known or might reside beyond the limits of the State, as in cases where such weapons might have been taken from the hands of a runaway slave, who might have brought them from a neighboring State, and thus actual personal notice previous to judgment of forfeiture might not be practicable; nevertheless constructive notice might at least be given and would seem to be demanded by analogous proceedings, especially when it may be remembered that forfeiture of the right of private property, whereby one citizen is to lose his property and another is to acquire it, is not to be created arbitrarily by the legislature, but can only be rightfully done for the advancement of the public weal as a punishment annexed by law to some illegal or culpably negligent act of the owner. If by private theft or open robbery, without any fault or negligence on the part of the owner, a slave should invade his property in a gun, shall the law punish him by a forfeiture of this gun without first giving him an opportunity, actual or constructive, to defend against the proceeding in rem for judgment of forfeiture ? We think it could never have been the design of the legislature to have created a forfeiture when there was no fault or negligence on the part of the owner, and his right of propert3r had been thus unlawfully invaded. Hence the necessity of notice, either express or implied, to afford the owner an opportunity to repel the presumption against him arising from the fact that his property has been found in the hands of a slave without the written permission of the master of such slave. If no such notice and opportunity be given to come in and defend, error must necessarily intervene in a judgment of forfeiture. Because although this particular statute does not provide for such proceedings, the general law of the land does, of which this statute is a part. But that error, although so much discussed by theWcounsel, is not properly presented to us on this record, and if it in fact exists, can be reached only be certiorari from the Circuit Court on a direct proceeding to quash the judgment of forfeiture that it may be determined anew by the justice. The vital question before us being as to the sufficiency of the plea in showing the jurisdiction of the justice, the statute, under which it is alleged in general terms that the justice took cognizance of the alleged forfeiture, is a public act of which we take judicial notice; but still the plea is insufficient unless all the facts are stated in it that are necessary to show jurisdiction in the justice, because nothing- must be intended in favor of his jurisdiction that is not set forth in the record. When tested by this rule, the plea is wholly insufficient, because it is not stated therein that the alleged judgment of forfeiture was rendered within. the territorial jurisdiction of the justice. No time or place whatever having been alleged when and where the proof of seizure was made and the supposed judgment was rendered. And it is clear that the justice had no authority to hear such proof, and render such judgment any where else than in his county. The plea is also otherwise inartificially drawn in failing to set ■out the parties in express terms, and in failing to allege that plaint was made and thereupon afterwards, &c., such and such acts were done before and by the justice according to the facts. The plea then, in failing to show jurisdiction, was radically defective, and the court below erred in overruling the demurrer that was interposed, and for thisbrror the judgment must be reversed, .and the cause remanded to be proceeded with!